Marvin WHITE, Petitioner–Appellant,

v.

John P. KEANE, Superintendent, Sing Sing Correctional Facility and Robert Abrams, Attorney General, State of New York, Respondents–Appellees.

No. 1360, Docket 91–2432.

United States Court of Appeals, Second Circuit.

Argued April 21, 1992.

Decided June 18, 1992.

Randolph Z. Volkell, North Merrick, N.Y., for petitioner-appellant.

Robert L. Moore, Asst. Dist. Atty., Bronx, N.Y. (Robert T. Johnson, Dist. Atty. for Bronx County, Billie Manning, Asst. Dist. Atty., Bronx, N.Y., of counsel), for respondents-appellees.

Before: OAKES, Chief Judge, LUMBARD and WALKER, Circuit Judges.

PER CURIAM:

Marvin White appeals from a judgment of the District Court for the Southern District of New York, Louis L. Stanton, *Judge,* dismissing his petition for a writ of habeas corpus. White claims his imprisonment after conviction in the New York Supreme Court, Bronx County, for the sale of heroin violates his constitutional rights in two respects: retrial after the declaration of a mistrial violated his fifth amendment right not to be placed in jeopardy twice for the same offense, and his sentence to imprisonment for nine to eighteen years was both unconstitutionally harsh and partially the result of ineffective assistance of trial counsel. We affirm the dismissal of the petition.

On July 10, 1985, Marvin White was arrested for selling heroin to a New York City police officer. White was charged with the criminal sale of a controlled substance in the third degree and tried in the Supreme Court of New York, Joan Sudolnik, *Judge,* presiding. The trial began on October 6, 1986, and lasted nine days. White presented no evidence on his own behalf.

After the jury had deliberated for two and one-half days, Judge Sudolnik announced that she would dismiss the jury because they could not reach a verdict and she saw no purpose in continuing the trial. Asked whether they had any different views, all trial counsel requested that the jury be allowed to continue deliberating. After further discussion with the jurors, she discharged the jury and declared a mistrial.

White was retried in March 1987 and convicted of criminal sale of a controlled substance in the third degree. Following his conviction, upon advice of his attorney, White refused to participate in his presentence interview with the Probation Department. He was sentenced to imprisonment for nine to eighteen years, though the prosecutor recommended only seven to fourteen years. The Appellate Division affirmed without opinion, *People v. White,* 150 A.D.2d 992, 542 N.Y.S.2d 1002 (1st Dept.1989), and the Court of Appeals denied leave to appeal, *People v. White,* 74 N.Y.2d 821, 546 N.Y.S.2d 579, 545 N.E.2d 893 (1989).

White filed his petition for a writ of habeas corpus in the Southern District on January 29, 1990. The petition was referred to a magistrate, who recommended dismissal. Judge Stanton issued an opinion and order on June 5, 1991, adopting the magistrate's recommendation. The district court later granted a certificate of probable cause. On January 9, 1992, following timely appeal, we assigned counsel.

## DOUBLE JEOPARDY

When a trial court declares a mistrial over a defendant's objection, the fifth amendment right not to be placed in jeopardy twice for the same offense precludes retrial unless there was "manifest necessity" for the mistrial. *See Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). White objects to the district court's finding that there was manifest necessity to call a mistrial. The record, however, indicates that the jury could not reach a verdict after deliberating for two and one-half days, and there is ample support for the conclusion that the jury was genuinely deadlocked. "[T]he tri-

al judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial," and the judge's decision regarding deadlock should be "accorded great deference by a reviewing court." *Arizona v. Washington,* 434 U.S. at 509–10, 98 S.Ct. at 832.

After approximately 27 hours of deliberation on a relatively simple case dealing with an alleged sale of heroin to an undercover agent, the jury sent a note to the court which stated "We the 12 jurors are still at a stalemate. We cannot reach a unanimous decision." The day before the judge had given the jurors an *Allen* charge urging them to resolve their differences and reach a verdict. Before declaring a mistrial, the judge conducted the following inquiry:

> THE COURT: Is there anything further that I can do, can provide you with in terms of a read back of any portion of the testimony or any additional instructions on the law?
>
> JURY FORELADY: No, I think you did your best.
>
> THE COURT: Okay, is there anyone who would like to hear any additional read back or any instructions on the law?
>
> NO RESPONSE
>
> THE COURT: Are you saying "no"?
>
> JURORS: No.
>
> THE COURT: Do any of you think that if you were given an additional period of time to deliberate that there is a possibility that you could resolve your differences and reach a verdict in this case?
>
> JURY FORELADY: No, we are not lying to you, no.
>
> JURORS: No.
>
> THE COURT: [There are] a couple of gentlemen in the back.
>
> Do you think you could reach a verdict within a reasonable period of time?
>
> JUROR NUMBER TWELVE: No.
>
> JUROR NUMBER ELEVEN: No.
>
> JUROR NUMBER TEN: No.
>
> THE COURT: Pardon?
>
> JUROR NUMBER TEN: No.
>
> At this time, I don't think any reasonable time would help.

> I don't think it would help.
>
> THE COURT: Okay, it would appear then that a verdict is not likely to be reached within a reasonable period of time, and I am going to discharge you.

Judge Stanton concluded: "[I]n the light of this conversation [the trial judge's] conclusion of deadlock was a proper exercise of her sound discretion." We agree.

## THE SENTENCE

■ Upon his conviction for the sale of heroin to an undercover police officer, White was sentenced to nine to eighteen years' imprisonment. As a second felony offender, under New York law, he could have received as much as twelve and one-half to twenty-five years' imprisonment. N.Y.Penal Law §§ 70.06(3)(b), (4)(b) (McKinney 1991). He argues that the lesser sentence he received was "cruel and unusual" and thus violated the Eighth Amendment. In prior state court proceedings, however, he did not claim his sentence deprived him of any federal constitutional right. Thus, White failed to exhaust the remedies available in state court, and federal courts need not consider the claim. *See McCleskey v. Zant,* — U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

■ In any event, there is no merit to White's allegations. No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law. *Underwood v. Kelly,* 692 F.Supp. 146 (E.D.N.Y.1988), *aff'd mem.,* 875 F.2d 857 (2d Cir.1989). Nor does the fact that the district attorney had recommended a lesser sentence give any support to the complaint.

White also claims that counsel's advice led him to refuse to cooperate with the probation officer, resulting in an increased sentence. As the record does not disclose White's circumstances beyond his having been a second felony offender, it may well be that he was properly advised. In any event, the record does not indicate that counsel's decision was so objectively unreasonable or so prejudicial to the ultimate

sentence as to constitute ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Affirmed.