**Shallicke McRAE,: a/k/a Yuhura McRae, Petitioner,**

**v.**

**People of the State of NEW YORK, Respondent.**

**Nos. 00–CV–4238 (JBW), 03–MISC–0066 (JBW).**

United States District Court, E.D. New York.

June 12, 2003.

Shallicke McRae, Malone, NY, Pro se.

Jodi A. Danzig, Nassau County District Attorney's Office, Mineola, NY, for Respondent.

## JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

The petition for a writ of habeas corpus is denied for the reasons stated orally on the record at a hearing at which petitioner was present by telephone. This memorandum briefly addresses the claims raised in the petition.

Petitioner was charged primarily with assault and attempted murder of a police officer. Evidence at trial included testimony that a uniformed police officer in a marked car observed petitioner fleeing the scene of an assault. Petitioner was carrying an unlicensed, loaded semiautomatic pistol. When the police officer pulled his car within about thirty feet of petitioner, the culprit aimed and fired the gun at the police car. Immediately after, he ran towards the garage of a nearby house, discarding the gun on the ground. After petitioner became entangled on a garden fence, the officer caught up with him and placed him under arrest.

Petitioner was acquitted of the attempted murder charge and of a charge of criminal use of a firearm in the first degree. He was convicted of aggravated assault upon a police officer, reckless endangerment, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the first degree. He was sentenced to a total of 7–1/2 to 15 years in prison.

In his petition for a writ of habeas corpus, he claims (1) that the prosecution improperly exercised a peremptory challenge against a prospective juror in violation of *Batson v. Kentucky*; (2) that an *Allen* charge given to the jury in order to urge them to reach a verdict was coercive and deprived him of a fair trial; (3) that the prosecutor's summation was improper and deprived him of a fair trial; and (4) that his trial counsel was constitutionally ineffective, as evidenced by his "bizarre and inept tactics having no redeeming qualities."

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that

was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman,* 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle,* 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton,* 295 F.3d 270, 278 (2d Cir.2002).

II. Exhaustion

A state prisoner's federal habeas petition must be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *See Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). "This exhaustion requirement is ... grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982) (en banc).

A district court may, in its discretion, *deny* on the merits habeas petitions containing unexhausted claims—so-called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). In addition, the state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." *Id.* § 2254(b)(3); *see also Ramos v. Keane,* No. 98 CIV. 1604, 2000 WL 12142, **3–4, 2000 U.S. Dist. LEXIS 101, at *10 (S.D.N.Y.2000) (state's failure to raise exhaustion requirement does not waive the issue).

If a petitioner specifies only certain issues that he deems worthy of review in a letter seeking leave to appeal a conviction to the New York Court of Appeals, he will be deemed to have waived any remaining claims in the original appellate brief. *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir. 1991).

### III. Procedural Bar

 A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

### IV. Ineffective Assistance of Counsel

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to *effective* assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added). The Supreme Court has explained that in giving meaning to this requirement we must be guided by its purpose—"to ensure a fair trial"—and that therefore the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a Sixth Amendment claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," *id.* at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052. *See also United States v. Eyman,* 313 F.3d 741, 743 (2d Cir.2002). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

 The performance and prejudice prongs of *Strickland* may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* at 697, 104 S.Ct. 2052. In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the "cumulative weight of error" in order to determine whether the prejudice "reache[s] the constitutional threshold." *Lindstadt v. Keane,* 239 F.3d 191, 202 (2d Cir.2001). The court must also keep in mind that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052. "The result of a [criminal] proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Purdy v. Zeldes,* 337 F.3d 253, 260 (2d Cir.2003) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). Ineffective assistance may be demonstrated where counsel performs competently in some respects but not in others. *See Eze v. Senkowski,* 321 F.3d 110, 112 (2d Cir.2003).

### V. Claims

 Petitioner first claims that the prosecution improperly exercised a peremptory challenge against an "Oriental" prospective juror, in violation of *Batson v. Kentucky.* This claim was raised by petitioner on direct appeal and denied as being "either upreserved for appellate review ... or without merit." It was, however, not presented to the Court of Appeals when he sought leave to appeal the deci-

sion of the Appellate Division. It has therefore not been exhausted. In addition, the claim would now be procedurally barred in the state courts, since collateral relief on a claim already decided on the merits by the Appellate Division is not available. *See* N.Y.Crim. Pro. L. §§ 440.10(2)(a). The claim is therefore deemed exhausted but procedurally barred, and may not be addressed by this court.

At any rate, the claim is a weak one. Defense counsel objected to the peremptory challenge of an "Oriental" juror. When the prosecutor began to explain his reasons for excluding her, the trial court interjected to say, "You don't have to. There is no law that says you have to give the reason on jurors of that ethnic background, and peremptory challenges are allowed." Trial Tr. at 59. Although this was an inaccurate statement of the law— "Orientals" are arguably a cognizable racial group—a fair reading of the record is that the trial court concluded that a prima facie case of discrimination had not been made out, since a defendant must show some circumstance that raises an inference that the prosecutor used a peremptory challenge to exclude a potential juror based on his or her race. *Batson v. Kentucky,* 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■■■ Petitioner next claims that an *Allen* charge given to the jury in order to urge them to reach a verdict was coercive and deprived him of a fair trial. As an initial matter, the state urges that this court cannot reach the issue because it was deemed procedurally barred by the Appellate Division. In light of the recent decision of the Second Circuit court of appeals in *Cotto v. Herbert,* 331 F.3d 217, 238–48 (2d Cir.2003), this court concludes that the "contemporaneous objection" rule cited by the Appellate Division as cause for the procedural bar is not "adequate" under the

circumstances of this case. Petitioner's counsel objected to the trial court's decision to give an *Allen* charge prior to its actual delivery to the jury. *See* Trial Tr. at 591 ("I oppose your giving an Allen charge, period, on this case at any time, now or tomorrow or any time while this jury is deliberating."). Although counsel did not renew his objection, the trial court was on notice that an objection had been lodged. As detailed in *Cotto,* many New York cases have held that "an issue of law is preserved even if it is not specifically raised by defendant so long as the trial court expressly rules on the issue following an earlier objection." *Id.* at 244. This court may therefore reach the merits of petitioner's argument, although review will proceed under the deferential standards of AEDPA since the Appellate Division ruled that the *Allen* charge claim was meritless.

■■ In determining whether a trial court's actions have improperly coerced a jury, the Supreme Court has held that a reviewing court must look at the supplemental charge given by the judge "in its context and under all the circumstances." *Lowenfield v. Phelps,* 484 U.S. 231, 237, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988). The charge in the present case—given after a note from the jury stated that "the jurors appear to be at an impasse" and that it was "unlikely that we will be able to reach a verdict"—was not improper. The court instructed:

It is eminently desireable that if you reasonably can, you agree upon a verdict as to each and every count of this indictment. For the parties involved, the case is an important one, and its presentation to you has involved expense to both sides. If you fail to agree upon a verdict, the case may have to be tried before another jury selected in the same manner and from the same source as you were chosen. There is no reason to

believe that the case will ever be submitted to a jury more competent to decide it. Of course, by pointing out to you the desirability of your reaching a verdict, *the Court is not suggesting to any of you that you surrender conscientious convictions* of what the truth is and of the weight and effect of all the evidence. It does, however, wish to call to your attention that in most cases absolute certainty cannot be expected and that while each of you must decide the case for yourself beyond a reasonable doubt and not merely acquiesce in the conclusion of your fellow jurors, you should examine the questions submitted to you with candor and frankness and with proper deference to and regard for the opinions of each other. It is your duty after full deliberation and consideration of all of the evidence to agree upon a verdict as to each and every count of this indictment *if you can do so without violating your individual judgment and your conscience.*

Trial Tr. at 592–94. (emphasis supplied). Although the brief references to the expense and efforts that a new trial would bring were arguably improper, taken as a whole the instruction was not coercive. Granting of the writ on this ground is not warranted.

■ Petitioner also claims that the prosecutor's summation was improper and deprived him of a fair trial. There can be no dispute that the sarcastic and belittling tone employed by the prosecutor during his summation was inappropriate. Nonetheless, much of the summation was nothing more than commentary on the evidence. Where the prosecutor strayed from the four corners of the evidence objections were sustained by the trial court. As Justice Sutherland stated in *Berger v. United States*, in seeking to attain a conviction a prosecutor "may strike hard blows, [but] he is not at liberty to strike foul ones." 295 U.S. 78, 88, 55 S.Ct. 629,

79 L.Ed. 1314 (1935), *overruled on other grounds by Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). In the present case, the blows were not so foul as to have deprived petitioner of a fair trial or to merit the granting of the writ.

■ Finally, petitioner claims that his trial counsel was constitutionally ineffective, as evidenced by his "bizarre and inept tactics having no redeeming qualities." As a general matter, strategic choices made by counsel are "virtually unchallengeable." *Strickland*, 466 U.S. at 690–91, 104 S.Ct. 2052. Petitioner provided a plethora of examples of what he deems defense counsel's "bizarre" statements in his brief before the Appellate Division. *See* Defendant–Appellant's Br. at 36–44. Although counsel may have been less than brilliant at times—for instance, in establishing on cross-examination of a police officer that his client had a criminal history—a review of the record reveals that his representation was not constitutionally deficient and did not prejudice petitioner sufficiently so that there is a reasonable probability that, but for his poor performance, the result of the proceeding would have been different.

Petitioner at the hearing raised for the first time the issue that he had been denied his *Miranda* rights. This claim is utterly without merit. The transcript of the hearing shows that his counsel stipulated that petitioner was given his warnings. It shows as follows:

THE COURT: Mr. McRae, you just heard your attorney enter into a stipulation or an agreement that the statement that you made to the detective who was just on the stand was, in fact, made. Do you agree with that?

THE DEFENDANT: Yes.

THE COURT: Do you agree that prior to your making that statement, that you

received your constitutional rights from that detective?

THE DEFENDANT: Yes.

THE COURT: Do you agree that you made that statement in a knowing, intelligent and voluntary manner?

THE DEFENDANT: Yes.

THE COURT: Do you agree that the prosecutor will be permitted by you to use that statement on his direct case, should he choose to do that?

THE DEFENDANT: Yes.

THE COURT: The stipulation is accepted.

Transcript of November 13, 1997 Hearing, at 28–29. This issue, while unexhausted, is so meritless that it should be rejected.

■ Another claim petitioner now presents is that his sentence was excessive. His sentence was well within the statutory limits and is fully supported by the nature of his crime. His claim has no merit. A challenge to the term of a sentence is not a cognizable constitutional issue if the sentence falls within the statutory range. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). No purpose would be served in having petitioner exhaust this claim in state court, because the matter is frivolous. Accordingly, this claim is also rejected.

There is no basis for an actual innocence claim. The evidence against defendant was quite strong even though there were few witnesses. *See* Transcript of Trial pp 183 ff., 271 ff. The defense was weak. *See id.* at 313 ff.

VI. Conclusions

The petition for a writ of habeas corpus is denied. A certificate of appealability is granted with respect to 1) the peremptory challenge of a person characterized by petitioner as "oriental", 2) inappropriateness of the summation, and 3) ineffectiveness of counsel, on the ground that these claims may be supported on appeal. Petitioner may apply to the Court of Appeals for the Second Circuit for a further Certificate of Appealability.

SO ORDERED.