OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and the case remitted to that Court in accordance with CPL 470.25 (2) (d); 470.40 (2) (b).
 

 Defendant was convicted, following a jury trial, of criminal possession of a loaded weapon (Penal Law § 265.03). The guilty count factually evolved out of an uncharged armed street robbery that allegedly occurred around midnight in The Bronx. After the robbery, during the attempted escape that was proximate in time and location, defendant fired his weapon at an off-duty New York City Housing Authority police officer, who had observed facts that prompted him to intervene and pursue defendant.
 

 The Appellate Division reversed the conviction on the law as to the weapons count, the only one on which the jury rendered a guilty verdict. The jury acquitted defendant of attempted murder and attempted assault. The majority nevertheless concluded as a matter of law both that the evidence was not relevant and that the testimony regarding the antecedent uncharged crime of robbery unduly and prejudicially outweighed any probative value of such evidence (201 AD2d 43). The dissenting Justice at the Appellate Division (201 AD2d, at 48) granted leave to appeal. We now reverse and remit.
 

 A trial court may admit into evidence uncharged crimes when the evidence is relevant to a pertinent issue in the case other than a defendant’s criminal propensity to commit the crime charged. Even then, such evidence is admissible only upon a trial court finding that its probative value for the jury outweighs the risk of undue prejudice to the defendant
 
 (see, People v Chase,
 
 85 NY2d 493, 502;
 
 People v Carter,
 
 77 NY2d 95, 107;
 
 People v Hudy,
 
 73 NY2d 40, 55;
 
 People v Alvino,
 
 71 NY2d
 
 *837
 
 233, 241).
 
 People v Molineux
 
 (168 NY 264, 293) prescribes the litany of exceptions that allow uncharged crimes into evidence, under exceptional circumstances, with limiting cautionary instructions. As a corollary, such evidence may be allowed when, as here, it bears on the motive and state of mind in relation to an avoidance of apprehension during immediate flight from a crime and is found to be "needed as background material”
 
 (People v Montanez,
 
 41 NY2d 53, 58) or to "complete the narrative of the episode”
 
 (People v Gines,
 
 36 NY2d 932, 932-933;
 
 see also, People v Morse,
 
 196 NY 306, 310;
 
 People v Governale,
 
 193 NY 581, 587).
 

 In this case, the trial court cannot be said to have erred as a matter of law in admitting the background explanation for its expressly instructed limited purpose. The evidence of the uncharged robbery established a motive for defendant’s attempt to kill or assault the off-duty police officer to avoid capture and punishment. Thus, for the jury to have a thorough appreciation of the interwoven events leading to defendant’s culminating criminal conduct and of the competing theories of what happened and why, the closely antecedent, uncharged robbery in this case was relevant and material.
 

 Our disagreement with the Appellate Division’s ruling focuses essentially on its conclusion that undue prejudice occurred as a matter of law. In that connection, however, the Appellate Division misapplied the threshold law question as to whether the evidence of the uncharged crime may be admissible under the circumstances as were presented here. The Appellate Division majority’s analysis falls short also because it disregards the trial court’s explicit emphasis twice, by cautionary instructions to the jury, that the uncharged robbery testimony was provided to it solely "for the purpose of background information” and "for the continuity of the events” and was not to be considered as proof of the crimes at issue. In conjunction with the relevance to motive and state of mind, the evidentiary allowance cannot be said to be error as a matter of law in this case. Notably, the jury rendered a discerning and discrete verdict finding defendant guilty only on the illegal weapons possession count and acquitting him on the others.
 

 The weapons conviction should be reinstated and the case remitted to the Appellate Division for that Court to complete its intermediate appellate review functions, as statutorily required.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Levine concur; Judges Smith and Ciparick dissent and
 
 *838
 
 vote to affirm for the reasons stated in the opinion by Justice Joseph P. Sullivan at the Appellate Division (201 AD2d 43).
 

 Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.