■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HARDING, Appellant. [643 NYS2d 549]

The trial court properly determined that defendant opened the door to the admission of fingerprint evidence from an uncharged robbery by suggesting that the charged and certain uncharged robberies were all committed by one person, other than himself (*see, People v Melendez*, 55 NY2d 445, 451). Defendant's contention with respect to the court's interrogation of a police witness is unpreserved for appellate review since neither he nor his legal advisor objected to such questioning. In any event, such questioning by the court was necessary in order to clarify the questions asked by the *pro se* defendant and to facilitate the progress of the trial. Any hearsay testimony by this police witness was accompanied by appropriate limiting instructions and was properly admitted as necessary background material and to complete the narrative of events (*People v Till*, 87 NY2d 835).

The record belies defendant's contention that his waiver of the right to counsel was ineffective. After requesting to proceed *pro se* on four separate occasions, the court properly granted defendant's request after ensuring that he made a knowing and intelligent waiver of his right to counsel (*People v McIntyre*, 36 NY2d 10, 17). Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.