THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO THEN, Also Known as RICHARDO THAN, Appellant. [670 NYS2d 182] —Judgment, Supreme Court, New York County (Renee White, J.), rendered February 15, 1995, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The motion court properly denied defendant's motion to suppress the guns found in the livery cab in which the defendant and his cohort were riding as passengers. The police had reasonable suspicion to investigate and make a limited protective search of the vehicle in light of the information provided to them by a woman at the scene that there had been a robbery and that the defendant and his cohort had guns (*see, People v Carvey*, 89 NY2d 707, 710; *People v Vehap*, 234 AD2d 210, *lv denied* 90 NY2d 865; *People v Cisnero*, 226 AD2d 279, *lv denied* 88 NY2d 1020). The woman's account to the police was also sufficient to provide the police with probable cause to search the vehicle without a warrant (*see, People v Galak*, 81 NY2d 463, 467).

Evidence of the criminal conduct of a severed codefendant was properly admitted as highly probative of defendant's possession (*see, People v Sanford*, 205 AD2d 477, *lv denied* 84 NY2d 910) as well as being necessary to complete the narrative of events leading to defendant's arrest (*see, People v Till*, 87 NY2d 835).

The trial court properly instructed the jury on the automobile presumption with respect to both guns and included the livery driver exception (*see,* Penal Law § 265.15 [3]). Although the cab driver was not a defendant, defendant's trial strategy of

imputing possession to the driver rendered instruction on the exception necessary to the jury's understanding of the presumption (*People v Hines*, 173 AD2d 730, 731). Defendant's remaining claims are unpreserved and without merit. Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.