■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRADLEY, Appellant. [682 NYS2d 135] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered April 11, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

Evidence that defendant struggled with the undercover "ghost" officer over the officer's gun was properly admitted as relevant background to explain the actions of the police in the unusual fact pattern presented, and to complete the narrative of the episode (*People v Till*, 87 NY2d 835, 837). This testimony was also admissible as consciousness of guilt evidence, and was not unduly prejudicial as reference to defendant's grabbing for the gun was briefly mentioned only once and the court gave a prompt limiting instruction.

In this three-day drug trial, the court did not improvidently exercise its discretion in denying defense counsel's request for an indefinite mid-trial adjournment of at least one month, based upon a witness's subjective representation that, when he considered that his two open cases "were over", he would testify for the defense (*People v Foy*, 32 NY2d 473).

We perceive no abuse of sentencing discretion in light of all the factors presented here.

Defendant's remaining claims, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them. Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.