■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENTE RODRIGUEZ, Appellant. [703 NYS2d 524] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 21, 1997, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Police Officer Byron Visquerra and his partner received a radio transmission that suspects in a shooting were at a location in Queens and that a Spanish-speaking police officer was needed. When the officers arrived at that location, they were flagged down by a man who informed Officer Visquerra that "those guys in that cab shot my friend", and pointed to a nearby livery cab. The officers pursued the livery cab and, using their loudspeaker, directed the driver to stop. The driver did not stop, however, until forced to do so by other officers. The officers removed the defendant and two other men from the livery cab and handcuffed them. Officer Visquerra's partner searched the cab and found a revolver in the back seat. After the revolver was seized, the victim, bleeding from the face, arrived at the scene and identified the defendant as his assailant.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the revolver. The information received by Officer Visquerra from a citizen informant, together with the fact that the driver of the livery cab fled the scene, provided the requisite reasonable suspicion to stop the livery cab (*see, People v O'Neal,* 248 AD2d 561; *see generally, People v Sobotker,* 43 NY2d 559). Contrary to the defendant's contention, the limited search of the interior of the livery cab for the gun was justified, even though the occupants had been removed and handcuffed. The circumstances known to the officers created a substantial likelihood that a gun was located in the livery cab and presented a threat to their safety (*see, People v O'Neal, supra*; *People v Then,* 248 AD2d 159; *see also, People v Carvey,* 89 NY2d 707; *People v Torres,* 74 NY2d 224, 231, n 4). O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.