■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DELACRUZ, Appellant. [714 NYS2d 277] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered October 15, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's request for a missing witness charge was properly denied (*see, People v Matthews,* 185 AD2d 900, *lv denied* 80 NY2d 975). Although the witness had been a confidential informant, he had left the country of his own volition a year and a half before trial and thus was no longer in the People's control (*see, People v Watkins,* 67 AD2d 717). After reasonably diligent efforts to locate him, the People learned that the witness had relocated to a foreign country and had refused to divulge his whereabouts there. Under the circumstances, renewed efforts to locate him would have been futile.

The court properly precluded defendant from recalling a police witness to impeach another witness since defendant failed to lay a sufficient foundation for the testimony (*see, People v Duncan,* 46 NY2d 74, 80-81, *cert denied* 442 US 910; *People v Rosario,* 267 AD2d 73, *lv denied* 94 NY2d 952). In any event, the court properly determined that the prospective testimony was collateral (*see, People v Aska,* 91 NY2d 979).

Testimony that an accomplice, who guarded the location of

the sale, was armed with a gun was properly admitted since it was probative of the prosecution's claim that defendant acted in concert with others to effect the drug sale, was inextricably interwoven with the events leading to defendant's arrest, and was necessary to complete the narrative (see, People v Till, 87 NY2d 835; People v Then, 248 AD2d 159, lv denied 92 NY2d 906). The testimony was not unduly prejudicial since it was very brief and accompanied by appropriate limiting instructions to the jury (see, People v Bradley, 256 AD2d 55, lv denied 93 NY2d 871). The gun was not introduced into evidence or shown to the jury.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.