■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPETON GOODEN, Appellant. [718 NYS2d 882] —Appeals by the defendant from two judgments of the County Court, Suffolk County (Lefkowitz, J.), both rendered June 18, 1997, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree under Indictment No. 1648/96 and criminal possession of a forged instrument in the second degree under Indictment No. 3073/96, upon jury verdicts, and imposing sentences.

Ordered that the judgment rendered under Indictment No. 1648/96 is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 3073/96 is reversed, on the law, that indictment is dismissed, and the matter is remitted to the County Court, Suffolk

County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The County Court properly admitted testimony concerning the defendant's prior uncharged criminal conduct since the testimony was relevant to establish that the defendant had a motive to attack the victim (*see, People v Ventimiglia,* 52 NY2d 350; *People v Till,* 87 NY2d 835).

With regard to Indictment No. 3073/96, which charged that the defendant criminally possessed a forged instrument in Suffolk County, the People did not present sufficient evidence to establish that the forged instrument was transported into Suffolk County as a result of the defendant's exercise of dominion and control (*see,* Penal Law § 10.00 [8]; *People v Manini,* 79 NY2d 561). Accordingly, the defendant's conviction of that crime must be reversed and the indictment dismissed.

The defendant's remaining contentions are either academic in light of our decision, or without merit. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.