■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS McLEAN, Appellant. [765 NYS2d 626] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered October 8, 1996, convicting defendant, after a jury trial, of burglary in the second degree (two counts), assault in the second degree, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree and resisting arrest, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed. Judgment, same court (Renee White, J.), rendered July 8, 1997, convicting defendant, upon his plea of guilty, of robbery in the first degree, burglary in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life to run concurrently with his other sentences, unanimously affirmed. Judgment, same court (Bruce Allen, J.), rendered April 6, 1998, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life, to run concurrently with his other sentences, unanimously affirmed.

All of the challenges to defendant's trial conviction that are raised in his main brief are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that uncharged crime evidence was properly admitted because it was relevant to defendant's intent with respect to the resisting arrest and assault charges (see People v Till, 87 NY2d 835 [1995]) and because its prejudicial effect was minimal; we would find that the challenged portions of the prosecutor's summation were responsive to the defense summation; and we would find that the jury instruction given

by the court during defendant's summation was appropriate since the defense argument had the potential for misleading the jury on the law and since the instruction did not undermine any proper summation arguments.

Since defendant does not seek vacatur of either of his guilty pleas unless this Court reverses his trial conviction, and since we find no basis upon which to reverse that conviction, we do not reach defendant's arguments relating to his guilty pleas, including his arguments relating to suppression of identification testimony.

We have considered and rejected the claims contained in defendant's pro se supplemental brief. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.