**Waverly ALLAWAY Petitioner,**

**v.**

**Michael McGINNIS, Superintendent, Southport Correctional Facility Respondent.**

**No. 03 CIV.5745.**

United States District Court, S.D. New York.

Jan. 30, 2004.

Waverly Allaway, pro se, Pine City, NY, for Petitioner.

### DECISION AND ORDER

MARRERO, District Judge.

*Pro se* petitioner Waverly Allaway ("Allaway") was convicted of assault in the second degree after a jury trial in the New York State Supreme Court, Bronx County (the "Trial Court"). The trial judge found Allaway to be a persistent violent felony offender and sentenced him to an indeterminate prison term of twenty-five years to life. In this petition for a writ of habeas corpus, Allaway argues that an evidentiary ruling at his trial deprived him of his due process right to a fair trial under the Fourteenth Amendment to the United States Constitution, and that the length of his sentence is excessive. For the following reasons, the Court denies Allaway's petition.

## I. *FACTS AND PRIOR PROCEEDINGS*

On August 3, 1998, Allaway stabbed Gregory Pearce ("Pearce") in the chest inside the Franklin Avenue Men's Shelter (the "Shelter"), a homeless shelter where both men resided.

Allaway was prosecuted for attempted murder, assault in the first degree, and assault in the second degree, all stemming from the stabbing. At trial, Allaway admitted stabbing Pearce but maintained that he did so in self-defense.

Over defense objections, the Trial Court allowed the prosecution to introduce evidence about an earlier incident on the day of the stabbing, in which Allaway hit a third resident of the Shelter with a bottle or pipe. The defense objected that the incident with this other resident was a prior bad act that was irrelevant and highly prejudicial, and should not be admitted. In explaining its decision to allow the prosecution to introduce some evidence regarding the incident, the Trial Court acknowledged that "specific allegations involving hitting someone with a bottle" would be more prejudicial than probative "when measured against the need for this evidence." (Trial Transcript of *People v. Allaway*, Ind. No. 6419–98, beginning Oct. 30, 2000, Supreme Court, Bronx County, Criminal Term: Part 52 ("Transcript"), at p. 89.) But the Trial Court concluded that some reference to the incident was necessary to complete the narrative of the day's events for the jury and to provide an explanation for the behavior of the Shelter's staff members towards Allaway. The Trial Court concluded that some reference to this incident would help the jurors understand why staff members of the Shelter were focused on Allaway and were able to identify him easily.

During the trial, Pearce testified that he had heard about an incident earlier on the

day of the stabbing in which Allaway had hit another resident with a bottle or pipe. (*See* Transcript beginning Oct. 30, 2000, at 220–21.) The Trial Court then instructed the jury that Pearce's testimony "regarding his having heard about a separate incident is not offered for the truth of what this witness says he heard and you are not to consider it for its truth. Rather, the testimony regarding what the witness heard is offered as background and to explain the conduct of people other than the defendant." (Transcript beginning Oct. 30, 2000, at 225.) Later in the trial, Sam Scruggs, a security guard for the Shelter, testified that earlier on the evening of the stabbing, he had heard that someone had hit a resident of the Shelter with a pipe. (Transcript beginning Oct. 30, 2000, at 323.) But Scruggs also testified that he did not know until after the stabbing that Allaway was the person who had hit the resident in that earlier incident. (Transcript beginning Oct. 30, 2000, at 341.)

At the conclusion of the trial, the jury acquitted Allaway of attempted murder and assault in the first degree, and convicted him of assault in the second degree. The Trial Court sentenced Allaway as a persistent violent felony offender, and imposed the maximum authorized sentence of twenty-five years to life in prison.

Allaway appealed his conviction and his sentence to the New York Supreme Court, Appellate Division, First Department (the "Appellate Division"). He argued that the testimony regarding the incident between Allaway and a third resident at the Shelter was irrelevant to the crime charged and was so highly prejudicial to Allaway that it deprived him of his due process right to a fair trial under the Fourteenth Amendment to the United States Constitution. Allaway also argued that his sentence was excessive given that he was convicted of only the least serious of the several charges against him.

The Appellate Division affirmed his conviction. *See People v. Allaway*, 293 A.D.2d 347, 742 N.Y.S.2d 198 (App.Div. 1st Dept. 2002). That court stated that the testimony regarding the altercation between Allaway and another resident of the Shelter on the same day as the stabbing "was relevant to complete the narrative and to explain why shelter employees would have remembered this particular defendant from among the hundreds of residents at the shelter." *Id.* The court also determined that Allaway "was not unduly prejudiced by the uncharged crime evidence, particularly in view of the court's strong limiting instructions and its exclusion of the most prejudicial aspects of the incident." *Id.* Finally, the Appellate Division found no reason to alter Allaway's sentence. *See id.* The New York Court of Appeals denied Allaway's application for leave to appeal. *See People v. Allaway*, 98 N.Y.2d 694, 747 N.Y.S.2d 412, 776 N.E.2d 1 (2002).

In his petition for a writ of habeas corpus before this Court, Allaway raises the same claims he raised before the Appellate Division.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW FOR HABEAS PETITIONS*

A federal district court may issue a writ of habeas corpus to a person who is in custody as a result of a state court conviction only if that custody violates the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 2254(a). More specifically, under 28 U.S.C. § 2254(d)(1), this Court may grant habeas relief to a state prisoner whose claims were decided on the merits by a state court only if the state court's decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Eze v. Senkowski,* 321 F.3d 110, 121 (2d Cir.2003).

### B. *DUE PROCESS*

■ Allaway's due process claim centers on a New York State court's application of New York State evidence law. The United States Supreme Court has emphasized repeatedly that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The Trial Court and the Appellate Division both determined that the evidence at issue here was properly admitted as a matter of state law. This Court will not independently determine the appropriateness of whether or not that evidence should have been admitted under New York State evidentiary rules. *See Anderson v. Sternes,* 243 F.3d 1049 (7th Cir.2001) (stating that on habeas review, "it is not [the] court's duty to balance the probative value against the unfair prejudice because 'the Due Process Clause does not permit federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules.'") (quoting *Morgan v. Krenke,* 232 F.3d 562 (7th Cir.2000)). Instead, this Court may grant Allaway habeas relief only if the Trial Court's decision to admit evidence of Allaway's prior bad act rendered Allaway's trial so fundamentally unfair that it denied him his right to due process of law as guaranteed by the Constitution of the United States. *See Estelle,* 502 U.S. at 75, 112 S.Ct. 475; *Collins v. Scully,* 755 F.2d 16, 18 (2d Cir. 1985).

■ New York State law allows evidence of uncharged crimes to be introduced at trial "when the evidence is relevant to a pertinent issue in the case other than a defendant's criminal propensity to commit the crime charged" and if the probative value of the evidence outweighs any prejudice to the defendant. *People v. Till,* 87 N.Y.2d 835, 637 N.Y.S.2d 681, 661 N.E.2d 153 (1995). The Trial Court determined that the evidence was relevant to completing the narrative of the events of the day and to establish the identity of Allaway. The Appellate Division agreed with the Trial Court's decision. *See Allaway,* 742 N.Y.S.2d at 198. Additionally, in a limiting instruction after the altercation with the other Shelter resident was first introduced, the Trial Court told the jury not to consider that evidence for its truth. The Trial Court revisited the issue in its charge to the jury, when it repeated its limiting instruction as to the testimony regarding the incident and stated that jurors were "not to infer from [that testimony] that defendant had any tendency or propensity to commit any crime." (Transcript beginning Nov. 6, 2000, at 577.) This Court must assume that jurors understand and follow limiting instructions. *See Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *Roldan v. Artuz,* 78 F.Supp.2d 260, 281 (S.D.N.Y.2000).

There is nothing to indicate that the decisions of the Trial Court and the Appellate Division were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by 28 U.S.C. § 2254(d)(1). Moreover, the Supreme Court has not yet clearly established when the admission of evidence of prior crimes under state evidentiary laws can constitute a federal due process violation. *See Estelle,* 502 U.S. at 67–68, 112 S.Ct. 475.

■ Given the Trial Court's limiting instruction and jury charge, and the relatively minimal information that was actually introduced at trial about the prior incident, this Court cannot conclude that the introduction of evidence regarding Allaway's involvement in an altercation unrelated to the crimes for which he was charged rendered his trial so fundamentally unfair as to deny Allaway due process of law. The Court recognizes that one can never know what evidence sways the mind of jurors. But there are procedural safeguards to prevent or mitigate the unduly prejudicial effect of certain evidence, such as by strong limiting instructions, proscribing any further unnecessary reference to the matter, and insuring that there is an independent record of other admissible evidence sufficient to support a verdict. Here, on the basis of the Trial Court's strong and repeated limiting instructions, the fact that the prosecutor did not mention the incident in her closing argument, and that three eyewitnesses testified about the events of the stabbing, Allaway cannot establish that the testimony regarding the incident between him and another Shelter resident made his trial fundamentally unfair.

## C. *SENTENCING*

■ The jury acquitted Allaway of attempted murder and assault in the first degree, and convicted him of assault in the second degree. The trial court adjudicated Allaway a persistent violent felony offender pursuant to New York Penal Law § 70.08(1), and imposed a sentence of from 25 years to life in prison, the maximum sentence authorized by New York State law. *See* N.Y. Penal L. § 70.08(2),(3)(a). Allaway argues that because he was convicted of only second degree assault and was acquitted of the two more serious charges, his sentence is excessive under New York Criminal Procedure Law § 470.15.

■ Allaway does not argue that his sentence was imposed in violation of the United States Constitution, which is the only basis on which a federal court may grant habeas relief for a state court sentencing determination. *See Mayo v. Burge,* No. 02 CV 10192, 2003 WL 21767767 (S.D.N.Y. July 30, 2003). Moreover, even if the Court reads Allaway's argument as raising a constitutional claim (presumably that the sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment), that claim has no merit. The Second Circuit has stated that "[n]o federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992); *see also, Mayo,* 2003 WL 21767767, at *6; *Brown v. Goord,* No. 02 CV 2122, 2002 WL 31093611, at *5 (S.D.N.Y. Sept.13, 2002). Allaway's sentence was within the range allowed under New York Penal Law § 70.08. That the trial court imposed the maximum authorized sentence does not provide any ground for this Court to reduce Allaway's term of imprisonment.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that petitioner Waverly Allaway's petition for a writ of habeas corpus is denied.

The Clerk of Court is directed to close this case.

**SO ORDERED.**