■ In the Matter of DEREK G., Appellant. [808 NYS2d 721]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearl, J.), dated January 18, 2005, which, upon a fact-finding order of the same court dated November 15, 2004, made after a hearing, finding that the appellant had committed acts which constituted the crime of unlawful possession of weapons by persons under sixteen (two counts) and an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation under the supervision of the Probation Department of the County of Kings for a period of 12 months. The appeal brings up for review the fact-finding order dated November 15, 2004, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At the suppression hearing, Police Officer Darryl Fisher testified that, upon receiving information from a fellow officer that a

"two shot" pistol had been recovered from a bookbag which had been lying at the appellant's feet in a classroom, he decided to arrest the appellant, who was being detained in the office of the school's principal. The officer testified that he conducted a search of the appellant's person and discovered two live rounds of ammunition in the appellant's right-hand pants pocket. The appellant never challenged the recovery of the pistol, but sought only to suppress the introduction of the ammunition.

The Family Court properly denied the appellant's suppression motion. Although hearsay, Officer Fisher's unchallenged account of the discovery of the pistol, derived from presumptively reliable information provided by fellow officers, was sufficient to establish probable cause for the appellant's arrest (*see e.g., People v Ketcham,* 93 NY2d 416 [1999]; *compare People v Gonzalez,* 80 NY2d 883 [1992] [hearsay information insufficient when disputed by the defendant and obtained fortuitously by the testifying officer who never relied on it in taking police action]). The Family Court therefore properly declined to suppress the ammunition found on the appellant's person pursuant to a search incidental to his arrest (*see e.g., People v Tratch,* 104 AD2d 503, 504 [1984]). Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.