■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY THOMAS, Appellant. [808 NYS2d 680]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered October 21, 1999, convicting defendant, after a jury trial, of tampering with a witness in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]).

Defendant's conviction of tampering with a witness was based on the threats he made to the complainant following defendant's arrest for assaulting him. Contrary to defendant's contention, the evidence of numerous phone calls made from his home to the victim's beeper after the assault was not evidence of uncharged crimes, and therefore it was not subject to Molineux/Ventimiglia considerations (see e.g. People v Brown, 277 AD2d 974 [2000], lv denied 96 NY2d 756 [2001]; People v Flores, 210 AD2d 1 [1994], lv denied 84 NY2d 1031 [1995]). Even if the calls constituted evidence of uncharged crimes, this evidence was properly admitted to establish, inter alia, defendant's knowledge that the victim would be a witness against him, an element of the charged crime (see Penal Law § 215.11), and it was not unduly prejudicial.

The court properly exercised its discretion in admitting the testimony of the officer who arrested defendant after the assault and the victim's medical records. This limited evidence established an element of the crime and completed the narrative (see People v Till, 87 NY2d 835 [1995]), and it was neither cumulative nor unduly prejudicial. Concur—Buckley, P.J., Marlow, Sweeny, Catterson and McGuire, JJ.