(February 17, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DANVERS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN WASHINGTON, Appellant. [874 NYS2d 26]—

Judgment, Supreme Court, New York County (Gregory Carro,

J., on speedy trial motions; Edwin Torres, J., at jury trial and sentence), rendered March 27, 2007, convicting defendant Anthony Danvers of coercion in the first degree and criminal possession of a weapon in the second degree and sentencing him to concurrent terms of 2⅓ to 7 years and 4 years, and convicting defendant Alvin Washington of coercion in the first degree and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

This Court held the appeal in abeyance and remanded the matter to the Supreme Court, New York County "to schedule an expeditious hearing with respect to the issue of the knowing and intelligent consent of the respective defendants to joint representation by retained counsel Curtis Farber, including the waiver of any claims regarding potential conflicts of interest" (55 AD3d 362 [2008]).

Supreme Court held a hearing, pursuant to *People v Gomberg* (38 NY2d 307 [1975]), on November 13, 2008, during which time the Court explained to both defendants, in the presence of Mr. Farber, that each was entitled to a separate lawyer on appeal, that the State would provide one if a defendant could not afford a lawyer, and that it was possible that their interests, defenses, and/or arguments might be different or in conflict. The court was satisfied that each defendant knowingly waived his right to separate counsel, and there is no basis to challenge that finding.

On the merits, to the extent that defendants are challenging the court's *Sandoval* ruling insofar as it permitted the prosecutor to question them about their possession of a quantity of cocaine recovered from Danvers's apartment, which was the location where defendants had taken the victim in this case, we find that this ruling was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). Defendants did not preserve any of their arguments relating to uncharged crimes evidence and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. In particular, we conclude that evidence of drugs and money found on defendants' persons and in the apartment in question was highly probative of motive in this drug-related crime, and corroborated the victim's testimony as to the events in question (*see generally People v Till*, 87 NY2d 835 [1995]). The probative value of this evidence outweighed its prejudicial effect. The court also properly received evidence tending to link certain weapons to each other, and in turn to defendants.

The court properly exercised its discretion when it precluded defendants from calling Danvers's landlord as a witness, since

their offer of proof was insufficient to alert the court to the relevance of the witness's testimony (*see People v Arroyo*, 77 NY2d 947 [1991]). Initially, we note that this witness was apparently reluctant to appear in court, and there is no indication that defendants ever interviewed him or sought to subpoena him. Although defendants now assert that the witness might have been able to shed light on the defense claim that the victim was not held against her will, that claim is speculative, and is beyond their offer of proof, which was limited to potential testimony that would have been cumulative to that of other witnesses or that would have raised a Fourth Amendment issue outside the province of the jury. Since defendants never asserted a constitutional right to call this witness, their present constitutional claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court's ruling did not deprive defendants of a fair trial or their right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court properly denied defendants' speedy trial motions. The record supports the motion court's findings as to excludability with regard to time attributable to motion practice and the absence of defense counsel. Concur—Mazzarelli, J.P., Friedman, Nardelli and Freedman, JJ.