Judgment, Supreme, Bronx County (Robert E. Torres, J.), rendered July 27, 2006, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 18 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility, including its resolution of the minor inconsistencies in the testimony of the prosecution witnesses.
Defendant’s objection to the admission of evidence of an alleged uncharged crime that occurred shortly before the altercation at issue is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. This evidence was proper background testimony and necessary to complete the narrative, as it explained the origin of the altercation in which defendant stabbed the victim (see People v Till, 87 NY2d 835 [1995]).
Defendant’s ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of trial strategy outside the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant’s remaining pro se contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
We perceive no basis for reducing the sentence. Concur— *602 Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.