Pigott, J.
(concurring). I disagree with my colleagues in People v Garcia to the extent that they hold that the trial court erred, as a matter of law, in admitting the detective’s testimony regarding his conversation with Colon’s sister.
The detective’s testimony, which did not go into any of the specific details of his conversation with Ms. Colon, was necessary to explain to the jury how the detective came to focus on *89 defendant during his nearly two-year investigation (see People v Till, 87 NY2d 835, 837 [1995]). Under certain circumstances, and when coupled with proper limiting instructions, testimony of this kind may fill in gaps of “interwoven events” (id.) and thus, help the jury understand the case in context.
Without the detective’s very brief testimony of Ms. Colon’s account that there was a “problem” between defendant and Mr. Colon, there would have been no explanation for why the detective included defendant in the initial photo array or spent two years looking for him. The jury would have been left to speculate over an obvious gap in the narrative.
I agree, as both defense counsel and the prosecutor requested, that a limiting instruction should have been given to explain the testimony’s limited purpose. As my colleagues recognize, the testimony arguably suggested to the jury a motive for the shooting and the court’s failure to give that limiting instruction was not harmless.
In People v Garcia: Order reversed and a new trial ordered.
Opinion by Judge Fahey. Chief Judge Lippman and Judges Rivera, Abdus-Salaam and Stein concur; Judge Pigott concurs in result in a separate opinion in which Judge Read concurs.
In People v DeJesus: Order affirmed.
Opinion by Judge Fahey. Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam and Stein concur.