The People of the State of New York, Respondent, 
against
Segundo Mendoza, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered July 31, 2017, convicting him, upon his plea of guilty, of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered July 31, 2017, affirmed.
The court properly denied defendant's suppression motion. Although hearsay, Officer Sequeira's unchallenged account of the stop of defendant's vehicle, derived from presumptively reliable information provided to him by a fellow officer, was sufficient to establish reasonable suspicion to stop defendant's vehicle (see People v Mitchell, 124 AD3d 912 [2015]; Matter of Derek G., 25 AD3d 553 [2006], lv denied 7 NY3d 707 [2006]). Pursuant to statute, "hearsay evidence is admissible to establish any material fact" at a pretrial suppression hearing (CPL 710.60 [4]; see People v Edwards, 95 NY2d 486, 491 [2000]; see also United States v Raddatz, 447 US 667, 679 [1980]). Officer Sequeira testified that Officer Anita Moore informed him that defendant's vehicle was stopped after a taxi driver told her that defendant's vehicle "sideswiped his cab." While Officer Moore did not directly observe the sideswipe, the information she imparted to Officer Sequeira was sufficient to give rise to reasonable suspicion necessary to justify the limited intrusion involved in an automobile stop, since Moore had an opportunity to evaluate the cab driver's reliability (see People v Vehap, 234 AD2d 210 [1996], lv denied 90 NY2d 865 [1997]; People v Ball, 121 AD2d 551 [1986], lv denied 68 NY2d 767 [1986]; see also People v Reed, 159 AD3d 1550 [2018]; People v Porter, 101 AD3d 44 [2012], lv denied 10 NY3d 1064 [2013]), and the basis of the latter's knowledge was his personal observation of the incident (see People v Hoffman, 283 AD2d 928 [2001], lv denied 96 NY2d 919 [2001]). Although the record is unclear if Moore asked the cab driver for his name and he remains unidentified, his reliability was enhanced by the circumstances of the face-to-face encounter (see People v Appice, 1 AD3d 244 [2003], lv denied 1 NY3d 594 [2004]). Where police action requires reasonable suspicion rather than probable cause, a lesser showing with respect to an informant's reliability and basis of knowledge suffices (see People v Reed, 159 AD3d 1550; see also Alabama v White, 496 US 325, 330 [1990] ["(r)easonable suspicion is a less demanding standard than probable cause ... (and) can arise from information that is less reliable than that required to show probable cause"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2019