People v Ortega (2019 NY Slip Op 07339)





People v Ortega


2019 NY Slip Op 07339


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10048 3612/13

[*1] The People of the State of New York, Respondent,
v
George Ortega, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered November 18, 2015, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, and the jury's mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). The evidence supports reasonable inferences that the victim sustained physical injury when he was struck on the head with a hard, tube-like object, and that, as used by defendant, this object qualified as a dangerous instrument (see Penal Law § 10.00[9], [10], [13]).
The court providently exercised its discretion by declining to issue a missing witness charge concerning a police officer. In opposing the charge, the People established that the officer was unavailable for medical reasons and could not be called as a witness despite reasonably diligent efforts (see e.g. People v Delacruz, 276 AD2d 387, 387 [1st Dept 2000], lv denied 96 NY2d 758 [2001]), and they also established that the officer's testimony would have been cumulative under the circumstances of the case (see People v Macana, 84 NY2d 173, 180 [1994]). In any event, any error in the absence of a missing witness charge was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The item with which defendant struck the victim, which was recovered from defendant upon his arrest, was properly admitted into evidence. Although the People did not establish a chain of custody, the victim and two police witnesses who were present at the time identified the object in court, and the "circumstances
provide[d] reasonable assurances of the identity and unchanged condition of the evidence" (People v Hawkins, 11 NY3d 484, 494 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK