■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HEINZELMAN, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered August 11, 1989, upon a verdict convicting defendant of the crimes of sodomy in the first degree, attempted rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

Defendant's principal argument on his appeal is that his conviction on the third count of the indictment, which charged him with sexual abuse in the first degree, is illegal since that count is duplicitous and violative of the provisions of CPL 200.30. Pursuant to CPL 200.30 (1) "Each count of an indictment may charge one offense only." The third count charges defendant as follows: "The defendant, in the Town of Elmira, County of Chemung and State of New York, during the month of November, 1987, subjected a female less than eleven years of age to sexual contact, said contact consisted of the defendant's penis and the victim's mouth, the defendant's mouth and the victim's breast, the defendant's hand and the victim's breast, the defendant's hand and the victim's vagina, the victim's hand and the defendant's penis, and the defendant's penis and the victim's vagina." In its bill of particulars, the People stated that these acts occurred during the month of

November 1987, prior to November 13, 1987, on Watercure Hill Road in the victim's bedroom at night. In an answering affidavit, the People further alleged that all of these acts occurred on the same night in November 1987. The victim's trial testimony covered all of the acts as alleged.

The third count of the indictment charged only a single offense, i.e., sexual abuse in the first degree in violation of Penal Law § 130.65 (3). In these circumstances, we do not consider this count to be duplicitous and violative of CPL 200.30 or of the holding in *People v Keindl* (68 NY2d 410, 416). As this court stated in *People v Nicholas* (35 AD2d 18, 20), " 'Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others' " *(see also, People v Charles,* 61 NY2d 321, 327-328). Therefore, the jury's acceptance of any one of the acts specified as sexual contact would sustain its verdict on the third count of the indictment. That count is therefore not duplicitous *(see, People v McGuire,* 152 AD2d 945, *lv denied* 74 NY2d 849).

With respect to defendant's other contentions, we have considered them and find them lacking in merit. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.