■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRINIDAD CHAVEZ-FLORES, Appellant. [688 NYS2d 860] —Judgment unanimously affirmed. Memorandum: County Court properly determined that the motion to suppress footprint evidence, made for the first time during defendant's second trial, was untimely (*see, People v Sturgis*, 112 AD2d 757, 757-758, *lv denied* 68 NY2d 817, 918). We reject the contention that defendant was denied a fair trial as the result of prosecutorial misconduct. The majority of the alleged instances of misconduct have not been preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). "Because those errors that were preserved 'were not so egregious or prejudicial as to deprive defendant of a fair trial, reversal is not warranted' " (*People v Toumbis*, 204 AD2d 1026, quoting *People v Dawkins*, 203 AD2d 957, 958, *lv denied* 84 NY2d 824). Defendant's general motion to dismiss at the close of the People's case failed to preserve for our review the present contention that the evidence is insufficient to support the conviction (*see, People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject defendant's contention that the verdict is contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Davis*, 204 AD2d 736, *lv denied* 84 NY2d 906). We also reject defendant's contention that the court erred in allowing the People to introduce certain rebuttal evidence. Only one of the alleged errors, i.e., the admission of testimony concerning the bloodstains on defendant's shirt, is preserved for our review (*see, People v Osuna*, 65 NY2d 822, 824), and we decline to exercise our power to address the remainder of the alleged errors as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The testimony concerning the blood stains was properly allowed inasmuch as it was inconsistent with defendant's explanation of the origin of the stains (*see,*

*People v Campbell*, 216 AD2d 482, *lv denied* 86 NY2d 791). The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.