■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MOORE, Also Known as FRANKIE, Appellant. [700 NYS2d 905] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied a fair trial because County Court improperly overruled his objections to proffered testimony and allowed the prosecutor to ask leading questions. We reject that contention. The challenged evidentiary rulings either are not erroneous or constitute harmless error (*see, People v Crump,* 254 AD2d 742, *lv denied* 92 NY2d 1030, 93 NY2d 968). The prosecutor laid a proper foundation for impeaching defendant's mother on cross-examination regarding her failure to come forward with potentially exculpatory information prior to trial; thus, the court properly allowed the testimony (*see, People v Miller,* 89 NY2d 1077, 1079; *People v McCleary,* 181 AD2d 1029, *lv denied* 80 NY2d 835). The court did not abuse its discretion in refusing to admit in evidence a written prior inconsistent statement by a prosecution witness. The substance of that prior statement was already in evidence through defense counsel's thorough cross-examination of that witness

(*see, People v Piazza*, 48 NY2d 151, 164-165). As we previously held in the codefendant's appeal, "the court properly determined that the photo array and pretrial identification procedures were not impermissibly suggestive" and "the tape recording of the 911 call was admissible as an excited utterance" (*People v McKinnon*, 262 AD2d 995, 996, *lv denied* 93 NY2d 1004). The sentence is neither unduly harsh nor severe. We have considered defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, DiTullio, J.—Murder, 1st Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.