■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE E. STANDARD, Appellant. [709 NYS2d 294] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that he was denied effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi,* 54 NY2d 137, 147). A defendant is not entitled to error-free or perfect representation (*see, People v Benevento,* 91 NY2d 708, 712; *People v Ford,* 86 NY2d 397, 404; *People v Aiken,* 45 NY2d 394, 398). "[A] reviewing court must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis'" (*People v Benevento, supra,* at 712, quoting *People v Baldi, supra,* at 146). It is "incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged errors (*People v Rivera,* 71 NY2d 705, 709). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v Benevento, supra,* at 712-713, citing *People v Lane,* 60 NY2d 748, 750). Applying those standards, we conclude that defendant received meaningful representation. Counsel made appropriate pretrial motions, effectively cross-examined the prosecution witness at the *Huntley* hearing and at trial, and made coherent arguments in his summation. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession

Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.