OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. The District Attorney’s office filed a notice of intent to seek the death penalty pursuant to CPL 250.40 on January 24, 2000.
Defendant seeks to preclude any alleged oral statements due to the failure of the police to record electronically the Miranda warnings, and any waiver thereof, as well as any subsequent custodial interrogation. Defendant relies on Stephan v State (711 P2d 1156, 1158 [Alaska 1985]) where the Alaska Supreme *662 Court held that the failure to electronically record a custodial interrogation while the suspect was in a place of detention violated the suspect’s right of due process under that State’s Constitution. Only one other State’s highest court, the Minnesota Supreme Court, acting under its supervisory power, has adopted a recording requirement. (State v Scales, 518 NW2d 587, 592 [Minn 1994].)
The American Law Institute’s Model Code of PreArraignment Procedure and the Uniform Rules of Criminal Procedure require the electronic recording of custodial interviews. (See, ALI Model Code of Pre-Arraignment Proc § 130.4 [3] [1975]; Uniform Rules of Crim Proc, rule 243 [b], 10 ULA 32 [Master ed Supp 1992].) At least one State Legislature has codified a similar recording requirement. (Tex Crim Proc Code Annot art 38.22 [3] [1999].)
But in the 15 years since the Stephan decision (supra), the majority of other jurisdictions have declined to adopt a recording requirement. (See, e.g., People v Holt, 15 Cal 4th 619, 663, 937 P2d 213, 242, cert denied 522 US 1017 [1997] [capital case]; State v Smith, 80 Ohio St 3d 89, 106, 684 NE2d 668, 686 [1997] [capital case]; Commonwealth v Diaz, 422 Mass 269, 272-273, 661 NE2d 1326, 1328-1329 [1996]; State v Rhoades, 120 Idaho 795, 804-805, 820 P2d 665, 674-675 [1991], cert denied 504 US 987 [1992] [capital case]; Jimenez v State, 105 Nev 337, 341, 775 P2d 694, 697 [1989] [capital case].)
This court finds Federal due process does not mandate a recording requirement. (Accord, Stephan v State, supra, at 1160 [custodial interrogations need not be recorded to satisfy the due process requirements of the Federal Constitution, because a recording does not meet the standard of constitutional materiality enunciated by the United States Supreme Court in California v Trombetta, 467 US 479 (1984)]; People v Holt, supra; State v Smith, supra.) Nor does our State Constitution extend beyond the parameters of Federal constitutional guarantees even in the context of a capital case. (Accord, People v Johnson, Albany City Ct, July 27, 1998, Breslin, J., slip opn, at 30-33; People v Van Dyne, Monroe County Ct, May 28, 1998, Marks, J., slip opn, at 2; People v Mateo, Monroe County Ct, Aug. 25, 1997, Connell, J., slip opn, at 3, 175 Misc 2d 192 [edited for publication].)
In the absence of statutory or constitutional authority this court declines to prescribe a common-law recording requirement. However, at trial defendant is entitled to pursue the police failure to record any Miranda warnings and subsequent *663 statements, including the availability of recording equipment, since it relates to the voluntariness of defendant’s statements. (See, People v Johnson, supra, slip opn, at 32-33.)
Defendant’s motion is denied.