■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS LEWIS, Appellant. [716 NYS2d 179] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, reversal is not required based on County Court's refusal to admit in evidence a written prior inconsistent statement by a prosecution witness. The substance of that prior statement was admitted in evidence through defense counsel's cross-examination of that witness (*see, People v Piazza,* 48

NY2d 151, 164-165; *People v Moore*, 267 AD2d 969, 969-970). There is no merit to the contention that defendant was deprived of a fair trial by prosecutorial misconduct on summation. Several of the allegedly improper statements were fair response to comments by defense counsel on summation regarding the credibility of prosecution witnesses (*see, People v Halm*, 81 NY2d 819, 821; *People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024; *People v Dunbar*, 213 AD2d 1000, *lv denied* 85 NY2d 972). The remaining improper statements were not so egregious or prejudicial that they require reversal (*see, People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877). The court also properly denied as untimely defendant's request for a missing witness charge (*see, People v Gonzalez*, 68 NY2d 424, 427-428; *People v Miller*, 269 AD2d 746, *lv denied* 95 NY2d 800). There is no merit to defendant's contention that the court erred in refusing to charge criminally negligent homicide as a lesser included offense of depraved indifference murder. According to the evidence at trial, defendant fired a gun several times into a crowd. Thus, there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*see, CPL 300.50 [1]; People v Butler*, 84 NY2d 627, 631; *People v Singleton [Reginald]*, 272 AD2d 561). Finally, based on the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Standard*, 273 AD2d 870). (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.