■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FALKENSTEIN, Appellant. [732 NYS2d 817] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of conspiracy in the second degree (Penal Law § 105.15). Supreme Court properly denied defendant's objection to the prosecutor's use of a peremptory challenge with respect to a prospective juror who was hearing-impaired. While it is impermissible to exercise a peremptory challenge on the basis of race (*see, Batson v Kentucky,* 476 US 79) or gender (*see, J.E.B. v Alabama ex rel. T.B.,* 511 US 127), no such prohibition applies to physical disabilities (*see, United States v Harris,* 197 F3d 870, 874-875, *cert denied* 529 US 1044). "Unlike race or gender, disability may legitimately affect a person's ability to serve as a juror" (*United States v Harris, supra,* at 875). Thus, a "state may use its peremptory challenges to strike [physically disabled prospective] jurors for any reason rationally related to the selection of an impartial jury" (*United States v Harris, supra,* at 874). Here, the prosecutor was concerned that the hearing impairment of the prospective juror would affect her ability to assess the audiotape evidence because, as noted by the prosecutor, the inflections of defendant's voice on the audiotapes were significant to the People's case. While the prosecutor's concerns about the ability of the prospective juror to serve as a juror may not have warranted her dismissal for cause (*see, People v Guzman,* 76 NY2d 1, 4-5), the concerns provided a legitimate basis for the exercise of the peremptory challenge (*see, United States v Harris, supra,* at 876; *Jones v State,* 249 Ga App 327, 329, 548 SE2d 75, 77, *cert denied* — US — [decided Sept. 7, 2001]).

Defendant's contention that the indictment is duplicitous is

not preserved for our review (*see,* CPL 470.05 [2]; *People v Bryan,* 270 AD2d 875, *lv denied* 95 NY2d 904), and in any event is without merit. A conviction of conspiracy in the second degree requires the commission of an overt act (*see,* Penal Law § 105.20), and here the People properly alleged three overt acts committed by defendant in a single count charging one offense (*see,* CPL 200.30 [1]; *People v Heinzelman,* 170 AD2d 841, 842, *lv denied* 77 NY2d 995). Contrary to defendant's further contention, the court properly instructed the jury that defendant could be found guilty if he committed any one of the overt acts (*see, People v Charles,* 61 NY2d 321, 327-328; *People v Frascone,* 271 AD2d 333; *People v Heinzelman, supra,* at 842).

Defendant contends that his right to due process was denied because the police failed to make an electronic recording of his interrogation and confession. We disagree. There is no Federal or State due process requirement that interrogations and confessions be electronically recorded (*see, People v Owens,* 185 Misc 2d 661, 662; *see also, People v Holt,* 15 Cal 4th 619, 663-664, 937 P2d 213, 241-242, *cert denied* 522 US 1017). Finally, defendant contends that he was denied a fair trial based on prosecutorial misconduct. The majority of the instances of alleged misconduct are unpreserved for our review (*see,* CPL 470.05 [2]; *People v Chavez-Flores,* 259 AD2d 984, *lv denied* 94 NY2d 821), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). With respect to the errors that are preserved for our review, we conclude that they were not so egregious that defendant was denied a fair trial (*see, People v Chase,* 265 AD2d 844, 846, *lv denied* 94 NY2d 902; *People v Chavez-Flores, supra*). (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Conspiracy, 2nd Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.