■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET MARTIN, Appellant. [741 NYS2d 763] —Appeal from a judgment of Monroe County Court (Smith, J.), entered June 20, 1997, convicting defendant after a jury trial of, inter alia, sodomy in the first degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of three counts each of promoting prostitution in the first degree (Penal Law § 230.32) and sodomy in the first degree (§§ 20.00, former 130.50 [3]) and four counts of sexual abuse in the first degree (§§ 20.00, former 130.65 [3]). Because "[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded" (*People v Falkenstein,* 288 AD2d 922, 923, *lv denied* 97 NY2d 704), defendant was not denied due process based on the failure of the police to record the interrogation resulting in her statement. We further conclude that County Court properly determined that the six-year-old victim was a vulnerable witness and allowed her to testify via closed-circuit television. The crimes committed against the victim are "particularly heinous" (CPL 65.20 [9] [a]) and defendant, the victim's mother, "occupied a position of authority with respect to the [victim]" (65.20 [9] [c]). Thus, the court properly determined that "there are such extraordinary circumstances as would cause the [victim] to suffer severe mental or emotional

harm" if she testified in defendant's presence (65.20 [9]; *see People v Pierce*, 266 AD2d 721, 721, *lv denied* 94 NY2d 951). The sentence is neither unduly harsh nor severe. We note that, by operation of law, the aggregate term of incarceration of 25 to 75 years imposed by the court is reduced to 15 to 30 years (Penal Law § 70.30 [1] [e] [i]). Present—Green, J.P., Hurlbutt, Scudder and Lawton, JJ.