■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO R. GOICO, JR., Appellant. [761 NYS2d 562] —Appeal from a judgment of Herkimer County Court (Kirk, J.), entered June 1, 2000, convicting defendant after a jury trial of, inter alia, assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by vacating the sentence as a persistent felony offender imposed on the two counts of assault in the second degree and as modified the judgment is affirmed, and the matter is remitted to Herkimer County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [3]) and one count each of resisting arrest (§ 205.30) and harassment in the second degree (§ 240.26 [1]). Contrary to the contention of defendant, that part of the judgment convicting him of two counts of assault is supported by legally sufficient evidence. The two State Police officers assaulted by defendant testified at trial that defendant attempted to flee as they arrested him, thereby preventing them from performing their lawful duty (*see* § 120.05 [3]). Although the injuries to the officers were not extensive, the evidence is legally sufficient to allow the jury to determine whether the of-

ficers sustained a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Gray*, 189 AD2d 922, 923 [1993], *lv denied* 81 NY2d 886 [1993]), and the jury was entitled to credit the testimony of the officers that they suffered "substantial pain" within the meaning of that section (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). County Court properly required defendant to be shackled during trial based on defendant's disruptive behavior (*see People v Houk*, 222 AD2d 1074 [1995]; *People v Rivera*, 189 AD2d 920, 921 [1993], *lv denied* 81 NY2d 975 [1993]). The contention that defendant was denied a fair trial because the trial judge refused to recuse himself is without merit (*see People v Nenni*, 269 AD2d 785, 786 [2000], *lv denied* 95 NY2d 801 [2000]). Defendant failed to preserve for our review his further contention that he was denied a fair trial by alleged prosecutorial misconduct (*see* CPL 470.05 [2]). In any event, that contention lacks merit (*see People v Chavez-Flores*, 259 AD2d 984 [1999], *lv denied* 94 NY2d 821 [1999]).

Finally, we agree with defendant that the circumstances of his criminal conduct are not such that extended incarceration and lifetime supervision are warranted to best serve the public interest (*see* CPL 400.20 [1]). We therefore modify the judgment as a matter of discretion in the interest of justice by vacating the sentence as a persistent felony offender imposed on the two counts of assault in the second degree, and we remit the matter to Herkimer County Court for resentencing as a nonpersistent felony offender on those counts. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.