Janet MARTIN, Petitioner,

v.

Elaine LORD, Superintendent, Respondent.

No. 02–CV–6683.

United States District Court, W.D. New York.

Feb. 17, 2005.

Janet Martin, Bedford Hills, NY, pro se.

Loretta S. Courtney, Monroe County District Attorney's Office, Rochester, NY, for Defendant.

## DECISION AND ORDER

BIANCHINI, United States Magistrate Judge.

## INTRODUCTION

Janet Martin ("Martin") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction in Monroe County Court. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Martin was convicted after a jury trial on May 15, 1997, of three counts of promoting prostitution in the third degree, three counts of sodomy in the first degree and four counts of sexual abuse in the third degree. The testimony at trial established that Martin, for ten dollars, allowed her six-year-old daughter to be orally sodomized and sexually molested by two adult men, Raymond Holman and George Shattuck. On one occasion, Martin simply sat in the car as her six-year-old daughter performed oral sodomy on the two men. Martin then accompanied the men to a house where Martin and the two men undressed, and the young child was further sexually abused.

Martin was sentenced on June 20, 1997, to 8⅓ to 25 years on each count of promoting prostitution, all three sentences to run consecutively. In addition, Martin was sentenced to 8⅓ to 25 years incarceration on each count of sodomy and 2⅓ to 7 years incarceration on each count of sexual abuse, these sentences to run concurrently with each other and the sentences for promoting prostitution, all sentences totaling for an aggregate term of incarceration of 25 to 75 years.

The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed Martin's conviction on May 3, 2002. *People v. Martin*, 294 A.D.2d 850, 741 N.Y.S.2d 763 (4th Dept. 2002). The New York State Court of Appeals denied leave to appeal on August 5, 2002. *People v. Martin*, 98 N.Y.2d 711, 749 N.Y.S.2d 9, 778 N.E.2d 560 (N.Y.2002).

This federal habeas petition followed. Respondent does not raise the defense of non-exhaustion as to any of Martin's

claims. For the reasons set forth below, the petition is denied.

## DISCUSSION

### Standard of Review

To prevail under 28 U.S.C. § 2254, as amended by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") in 1996, a petitioner seeking federal review of her conviction must demonstrate that the state court's adjudication of her federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 375–76, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

### Merits of the Petition

1. **Failure to videotape interrogation violated Due Process Clause of the New York State Constitution**

   Martin asserts in her petition that "THE DUE PROCESS CLAUSE OF THE NEW YORK STATE CONSTITUTION REQUIRES THAT THE POLICE RECORD ALL STATIONHOUSE INTERROGATIONS." Petition at 3 (Docket # 1). This is merely the restatement of point-heading contained in her brief on direct appeal. Martin provides no elaboration on this habeas claim and merely refers to an "enclosed motion" which appears to be the original copy of her brief on direct appeal.

In appealing her conviction, Martin's appellate counsel made an extensive policy-based argument for construing New York State's due process clause (which essentially is identical to the federal due process clause) to require the police to record electronically all custodial interrogations. However, the Appellate Division considered the claim in light of both state and federal precedent, holding that because " [t]here is [*sic* ] no Federal or State due process requirements that interrogations and confessions be electronically recorded,' defendant was not denied due process based on the failure of the police to record the interrogation resulting in her statement." *People v. Martin*, 294 A.D.2d at 850, 741 N.Y.S.2d 763 (internal citations omitted).

Federal habeas corpus relief will not lie to rectify errors of state constitutional, statutory, or procedural law unless a federal constitutional issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (A federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States;" it is not the province of a federal habeas court to re-examine state court determinations of state law.). Martin has never asserted that federal due process requires that police interrogations be electronically recorded. Because she only asserts a violation of state constitutional law, she fails to articulate a claim that is cognizable on federal habeas review.[1] Consequently, the claim must be dismissed

---

1. In any event, I note that there is a lack Supreme Court or other federal precedent standing for the proposition that the failure to videotape police interrogations violates any right guaranteed under the United States Constitution. To the contrary, several circuit courts have concluded that the federal Constitution does not obligate police officers to rec-

ord interrogations or confessions. *See, e.g., Ridgley v. Pugh*, 176 F.3d 484 (9th Cir.1999) (habeas claim based on police officer's failure to tape-record a portion of petitioner's interrogation "does not state a violation of a federal constitutional or statutory right"); *United States v. Zamudio*, 211 F.3d 1279 (10th Cir. 2000) (denying certificate of appealability for

## 2. Violation of the Confrontation Clause

■ Martin asserts that her Confrontation Clause rights under the Sixth Amendment were violated as a result of the victim testifying via closed-circuit television outside of Martin's presence. On direct appeal, the Fourth Department rejected this claim, holding that

County Court properly determined that the six-year-old victim was a vulnerable witness and allowed her to testify via closed-circuit television. The crimes committed against the victim are particularly heinous and defendant, the victim's mother, occupied a position of authority with respect to the [victim]. Thus, the court properly determined that there are such extraordinary circumstances as would cause the [victim] to suffer severe mental or emotional harm if she testified in defendant's presence.

*People v. Martin,* 294 A.D.2d at 850–51, 741 N.Y.S.2d 763 (internal citations and quotations omitted).

■ Although the Confrontation Clause "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact," *Coy v. Iowa,* 487 U.S. 1012, 1016, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the right to such a confrontation is "not absolute," *United States v. Gigante,* 166 F.3d 75, 80 (2d Cir.1999) (citing *Maryland v. Craig,* 497 U.S. 836, 851, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)). In *Maryland v. Craig,* the Supreme Court has held that the "use of the one-way closed circuit television procedure, where necessary to further an important state interest, does not impinge upon the truth-seeking or symbolic purposes of the Confrontation Clause." *Maryland v. Craig,* 497 U.S. at 851, 110 S.Ct. 3157. The Supreme Court also explained that "if the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant." *Id.* at 855, 110 S.Ct. 3157 (holding that the Confrontation Clause does not categorically prohibit a child witness in a sexual abuse case from testifying against a defendant at trial outside defendant's physical presence by means of one-way closed circuit television); *see also Jelinek v. Costello,* 247 F.Supp.2d 212, 240 (E.D.N.Y.2003) (holding that a state court's decision to use a two-way, closed circuit television during testimony of a child witness was reasonable); *see generally* N.Y.Crim. Proc. Law §§ 65.10, 65.20 (setting forth procedure for determining applications to have vulnerable child witness testify by two-way closed-circuit television).

In Martin's case, the state trial court held an evidentiary hearing on the issue and made extensive findings of fact and law. *See* May 13, 1997 Order, Respondent's Appendix of Exhibits at 252–54.[2] As the trial court found, the crimes against the victim, Martin's six-year-old daughter,

petitioner's claim that Fifth Amendment due process rights were violated by the failure of the police to tape-record his interrogation) (citing *United States v. Yunis,* 859 F.2d 953, 961 (D.C.Cir.1988) ("[T]there is no constitutional requirement that confessions be recorded by any particular means.")); *United States v. Toscano–Padilla,* 996 F.2d 1229, 1993 WL 210793 (9th Cir.1993) (declining to hold that a failure by law enforcement officials to record an interrogation violates due process and automatically mandates suppression).

**2.** The Appendix of Exhibits is attached to respondent's answer to the instant habeas petition.

were "particularly heinous." The victim was of a very tender age at the time of the sexual abuse and was only eight-years-old at the time of trial. Martin has not attempted to rebut the trial court's conclusion, which is entitled to a presumption of correctness, *see* 28 U.S.C. § 2254(e), that the victim would have been likely to suffer "severe" mental and emotional harm if required to testify in her mother's presence. In sum, the trial court was well within its discretion under both state statutory and federal constitutional law in determining that the victim was a vulnerable witness. Under those circumstances, the court's decision to allow the victim's testimony to be presented to the jury via closed-circuit television was reasonable. Therefore, habeas relief is not warranted on this claim.

### 3. Harsh and excessive sentence

■ Turning to Martin's claim that her sentence was harsh and excessive, I note that a petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre,* 548 F.2d 1102, 1109 (2d Cir.1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992); *accord Ross v. Gavin,* 101 F.3d 687 (2d Cir.1996) (unpublished opinion).

Here, Martin was sentenced to an aggregate term of imprisonment of 25 to 75 years. The sentences imposed for her various crimes all were within statutory limits. In any event, as the state appellate court noted, the aggregate term of incarceration of 25 to 75 years imposed by the court was reduced to 15 to 30 years by operation of New York Penal Law § 70.30(1)(e)(i). Since Martin's sentences did not exceed the statutory maximums, and, in fact, were considerably reduced by operation of law, this claim is not cognizable on habeas review.

### CONCLUSION

For the reasons stated above, Janet Martin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Martin has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

### IT IS SO ORDERED