THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. PEPPARD, Appellant. [811 NYS2d 253]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 18, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of criminal sexual act in the first degree (Penal Law § 130.50 [4]), sexual abuse in the second degree (§ 130.60 [2]), and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that voir dire was required to determine the capacity of the victim to testify under oath pursuant to CPL 60.20 because the victim, who was 11 years old at the time of the crimes, is autistic. Because the victim was older than nine years of age, voir dire was not mandatory (see CPL 60.20 [2]), and defendant failed to preserve for our review his contention that voir dire was required based on the autism of the victim (see People v Rising, 289 AD2d 1069 [2001], lv denied 97 NY2d 732 [2002]; see generally People v Parks, 41 NY2d 36, 45-46 [1976]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We reject defendant's further contention that County Court erred in admitting the testimony of a police officer that the victim and defendant were in a bathtub "naked" on the ground that the CPL 710.30 notice mentioned only that defendant admitted that he took a bath with the victim. The purpose of

the police officer's testimony was to establish that defendant admitted that he and the victim had been in the bathtub together, and we conclude that the CPL 710.30 notice was sufficient to provide "notice of the sum and substance of [defendant's] statement . . . so that . . . defendant [was] made aware of it and receive[d] an adequate opportunity to timely move to suppress it" (*People v Reid*, 215 AD2d 507, 507 [1995], *lv denied* 86 NY2d 846 [1995]; *see People v Mikel*, 303 AD2d 1031 [2003], *lv denied* 100 NY2d 564 [2003]). Also contrary to defendant's contention, the court properly refused to admit in evidence a written prior inconsistent statement of the victim inasmuch as "[t]he substance of that prior statement was admitted in evidence through defense counsel's cross-examination of that witness" (*People v Lewis*, 277 AD2d 1022, 1022 [2000], *lv denied* 96 NY2d 802 [2001]; *see People v Hendrix*, 270 AD2d 958 [2000], *lv denied* 95 NY2d 853 [2000]; *see generally People v Piazza*, 48 NY2d 151, 164-165 [1979]).

Contrary to the further contention of defendant, he was not denied due process based on the failure of the police to record the interrogation resulting in his statement. "There is no Federal or State due process requirement that interrogations and confessions be electronically recorded" (*People v Falkenstein*, 288 AD2d 922, 923 [2001], *lv denied* 97 NY2d 704 [2002]; *see People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]; *People v Martin*, 294 AD2d 850 [2002], *lv denied* 98 NY2d 711 [2002]; *see also People v Caballero*, 23 AD3d 1031, 1032-1033 [2005]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.