**James W. PEPPARD, Petitioner,**

v.

**Supt. Brian FISCHER, Respondent.**

**No. 06–CV–0729(VEB).**

United States District Court,
W.D. New York.

Sept. 21, 2010.

James W. Peppard, Ossining, NY, pro se.

Loretta S. Courtney, Rochester, NY, for Respondent.

## DECISION AND ORDER

VICTOR E. BIANCHINI, United States Magistrate Judge.

### I. Background

*Pro se* petitioner James W. Peppard ("Peppard" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court custody. Peppard is serving a 12–year determinate sentence, with a five-year term of mandatory post-release supervision, pursuant to a judgment of conviction, following a jury trial, on charges of Criminal Sexual Act in the First Degree, Sexual Abuse in the Second Degree, and Endangering the Welfare of a Child. The proof at trial was that Peppard, while babysitting an 11–year–old autistic boy, participated in various sexual activities with the child, including anal and oral sodomy. Peppard's conviction was unanimously affirmed on direct appeal, and discretionary leave was denied. Peppard timely filed his petition on August 25, 2006, in the Southern District of New York, and the matter subsequently was transferred to this District. The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). For the reasons set forth below, the petition is denied.

### II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 375–76, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "adjudication on the merits" is a substantive, rather than a procedural, resolution of a federal claim. *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir.2001).

■ Federal habeas review is available for a State prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not subject to federal habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

## III. Analysis of the Petition

### A. Ground One: Violation of New York Criminal Procedure Law ("C.P.L.") § 60.20

■ Petitioner contends that the "record is replete with facts establishing the mental defect of" the victim and therefore a "voir dire examination of his capacity to testify (C.P.L.60.20) was legally mandatory before receiving his sworn testimony." Petitioner's Reply Memorandum of Law ("Pet'r Reply Mem.") at pp. i, 2–5. At the time of Peppard's trial, C.P.L. § 60.20(2) provided as follows:

> Every witness more than nine years old may testify only under oath unless the court is satisfied that such witness cannot, as a result of mental disease or defect, understand the nature of an oath. A witness less than nine years old may not testify under oath unless the court is satisfied that he or she understands the nature of an oath. If under either of the above provisions, a witness is deemed to be ineligible to testify under oath, the

witness may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof. A witness understands the nature of an oath if he or she appreciates the difference between truth and falsehood, the necessity for telling the truth, and the fact that a witness who testifies falsely may be punished.

N.Y. Crim. Proc. Law § 60.20(2). The victim met the age requirement, as he was older than 9–years–old, and Peppard's contention that autism is a "mental or disease or defect" within the meaning of C.P.L. § 60.20 is wholly unsupported. Even if there was a violation of C.P.L. § 60.20, which I do not find to be the case, it would not suffice as basis for habeas corpus relief; it is well established that mere errors of state law do not, in and of themselves, warrant intervention by the federal courts. *See Campbell v. Poole*, 555 F.Supp.2d 345, 371 (W.D.N.Y.2008) ("Whether the trial court properly admitted sworn testimony from the child complainants in accordance with the requirements of C.P.L. § 60.20(2) is a matter best left to the New York state courts.") (Bianchini, M.J.) (citing *Rodriguez v. Greiner*, 274 F.Supp.2d 264, 267 (E.D.N.Y.2003) (holding that "[w]hether the properly admitted unsworn testimony of the victim was sufficiently corroborated in accordance with the requirements of New York C.P.L. 60.20(3) is a matter left to the state courts")). Habeas relief is therefore denied on this claim.

### B. Ground Two: Legal insufficiency of the evidence to support the conviction.

■ As his second ground for relief, Peppard contends, the "[e]vidence was insufficient to sustain the jury's verdict of beyond a reasonable doubt." Pet'r Reply Mem. at 2. This claim appears to be based entirely on the fact that the trial

court allegedly received the testimony of the victim in error. *See id.* at 2–5. As discussed above, that claim is without merit. Furthermore, it does not appear that Peppard raised on direct appeal a claim that the evidence was legally insufficient in light of due process principles set forth in *Jackson v. Virginia.* *See* 28 U.S.C. § 2254(b)(1). Accordingly, the claim is technically unexhausted. However, this Court must deem the claim exhausted because Peppard has no corrective process available to him in state court. *See Grey v. Hoke,* 933 F.2d 117, 119–21 (2d Cir. 1991). The procedural bar that creates the constructive exhaustion also results in a procedural default. *See id.* Because Peppard can show neither cause nor prejudice, nor that a fundamental miscarriage of justice will occur should the Court decline to entertain this claim, it is procedurally barred from habeas review. *See id.; Coleman v. Thompson,* 501 U.S. 722, 728–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, it is dismissed.

### C. Ground Three: The prosecution's C.P.L. § 710.30 notice was insufficient.

■ Peppard contends that the trial court improperly allowed testimony by a police officer recounting his statement that he and the victim took nude baths together. The state appellate court ruled that the C.P.L. § 710.30 notice was sufficient to provide "notice of the sum and substance of [defendant's] statement ... so that ... defendant [was] made aware of it and receive[d] an adequate opportunity to timely move to suppress it[.]" *People v. Peppard,* 27 A.D.3d 1143, 1144, 811 N.Y.S.2d 253, 255 (App.Div. 4th Dept.2006) (quotation and citations omitted).

A trial court's alleged breach of a state law, however, is not cognizable in a federal habeas proceeding. As the Supreme

Court made clear in *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 67–68, 112 S.Ct. 475. Accordingly, it is not within the province of this Court to re-examine the state court's assessment that the C.P.L. § 710.30 notice was submitted. See, e.g., *Dotson v. Ercole,* No. 06 Civ. 7823(BSJ)(DFE), 2009 WL 1615997, at *2 (S.D.N.Y. June 9, 2009) (dismissing habeas claims based on C.P.L. § 710.30 as not cognizable); *Espinal v. Duncan,* No. 00 Civ. 4844, 2000 U.S. Dist. LEXIS 17337, at *8–9, 2000 WL 1774960, at *3 (S.D.N.Y. Dec. 4, 2000) (dismissing habeas claims based on C.P.L. § 710.30 as not cognizable). Accordingly, this claim is dismissed.

### D. Ground Four: The trial court erroneously failed to admit into evidence the prior inconsistent statement of the victim given to the police investigator.

■ Peppard contends that "the right of a jury to scrutinize prior inconsistent statements of a witness cannot be 'cut off by the mere admission by the witness that he has been guilty of inconsistence.'" Pet'r Reply Mem. at 7 (quoting *People v. Schainuck,* 286 N.Y. 161, 36 N.E.2d 94 (N.Y.1941)). On direct appeal, the Appellate Division held,

the court properly refused to admit in evidence a written prior inconsistent statement of the victim inasmuch as "[t]he substance of that prior statement was admitted in evidence through defense counsel's cross-examination of that witness" *(People v. Lewis,* 277 A.D.2d 1022, 1022, 716 N.Y.S.2d 179, *lv. denied* 96 N.Y.2d 802, 726 N.Y.S.2d 380, 750 N.E.2d 82; *see People v. Hendrix,* 270

A.D.2d 958, 705 N.Y.S.2d 304, *lv. denied* 95 N.Y.2d 853, 714 N.Y.S.2d 4, 736 N.E.2d 865; *see generally People v. Piazza*, 48 N.Y.2d 151, 164–165, 422 N.Y.S.2d 9, 397 N.E.2d 700 [ (N.Y. 1979) ] ).

*People v. Peppard*, 27 A.D.3d at 1144, 811 N.Y.S.2d at 255. In *People v. Piazza*, the leading New York Court of Appeals case on this issue, the defendant contended, as does Peppard here, that the trial court abused its discretion in refusing to allow the jury to see a prior inconsistent statement of a witness; in *Piazza*, it was an affidavit. The New York Court of Appeals explained that there was no abuse of discretion in precluding the prior inconsistent statement because "defense counsel was given, and took, the opportunity to emphasize the glaring inconsistencies by quoting them almost verbatim in framing his questions" and "[t]he contents of the affidavit ... thus found their way into the record...." *People v. Piazza*, 48 N.Y.2d at 164, 422 N.Y.S.2d 9, 397 N.E.2d 700. As the Appellate Division found in the present case, Peppard's trial counsel effectively introduced into evidence the substance of the prior inconsistent statement by means of his cross-examination of the witness. There was thus no error of state evidentiary law, let alone an error of federal constitutional magnitude. Accordingly, this claim provides no basis for habeas relief.

### E. Ground Five: Deprivation of due process as a result of the failure to videotape an interview with petitioner.

■ Peppard contends that the police should have videotaped his interview with an investigator, which he concedes was preceded by appropriate *Miranda* warnings and his waiver thereof. Peppard argues that the failure to videotape the interview deprived the trial court of the "best available evidence." The Appellate Division rejected this claim, holding that "he

was not denied due process based on the failure of the police to record the interrogation resulting in his statement. 'There is no Federal or State due process requirement that interrogations and confessions be electronically recorded[.]'" *People v. Peppard*, 27 A.D.3d at 1144, 811 N.Y.S.2d at 255 (quoting *People v. Falkenstein*, 288 A.D.2d 922, 923, 732 N.Y.S.2d 817 (App. Div. 4th Dept.2001), *lv. denied* 97 N.Y.2d 704, 739 N.Y.S.2d 104, 765 N.E.2d 307 (N.Y.2002); (other citations omitted)).

Peppard has pointed to no Federal precedent standing for the proposition that the failure to videotape police interrogations violates any right guaranteed under the United States Constitution. As noted above, it is well settled that federal habeas corpus relief will not lie to rectify errors of state constitutional, statutory, or procedural law unless a federal constitutional issue is also presented. *E.g., Estelle v. McGuire*, 502 U.S. at 67–68, 112 S.Ct. 475. Notably, several circuit courts have concluded that the federal Constitution does not obligate police officers to record interrogations or confessions. *E.g., Reinert v. Larkins*, 379 F.3d 76, 94 n. 4 (3d Cir.2004); *Ridgley v. Pugh*, 176 F.3d 484 (9th Cir. 1999) (habeas claim based on police officer's failure to tape-record a portion of petitioner's interrogation "does not state a violation of a federal constitutional or statutory right"); *United States v. Yunis*, 859 F.2d 953, 961 (D.C.Cir.1988) (finding "no constitutional requirement to record confessions by any particular means," including videotaping, even if such equipment is available). In the absence of a federal constitutional violation, there is no basis upon which habeas relief can be granted.

### F. Ground Six: The trial court erroneously failed to use anatomically correct dolls as permitted by C.P.L. § 60.44.

■ Peppard argues that "[g]iven the primitive vocabulary" of the victim "re-

garding human genitalia excretory orifices in the human anatomy" "introduce[d] confusion and inaccuracy into the testimony...." Pet'r Reply Mem. at 9. He contends that the trial court should have required the victim to illustrate his testimony using anatomically correct dolls, as permitted by C.P.L. § 60.44 ("Any person who is less than sixteen years old *may in the discretion* of the court and where helpful and appropriate, use an anatomically correct doll in testifying in a criminal proceeding ....") (emphasis supplied). Given that C.P.L. § 60.44 is entirely discretionary, Peppard has shown no error of state law in *not* requiring the victim to use anatomically correct dolls during his testimony. More important, he has not demonstrated any error of federal constitutional law. Accordingly, this claim provides no basis for habeas relief.

### G. Ground Seven: The trial court erroneously denied petitioner's motion to set aside the verdict pursuant to C.P.L. § 330.30(1).

Peppard contends that for the reasons set forth in his first, second, third, fourth, and fifth grounds for relief, and "for the additional reason that [the victim's] testimony itself [was] so inconsistent and irreconcilable, the [trial] [c]ourt should have granted the motion" to set aside the verdict under C.P.L. § 330.30. Pet'r Reply Mem. at 10–11. C.P.L. § 330.30 provides a vehicle for moving to set aside or modify the verdict, in whole or in part, on several bases, including the presence of "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court[.]" N.Y. CRIM. PROC. LAW § 330.30(1). Because this claim, by Peppard's own pleadings, is duplicative of five of his other

habeas grounds, which the Court has already found unmeritorious, it will not be addressed separately. *Accord Brock v. Artuz*, No. 99 CIV.1903 AJP, 2000 WL 1611010, at *6 n. 7 (S.D.N.Y. Oct. 27, 2000) ("Brock also asserts as a ground for habeas relief that the trial court's denial of his CPL § 330.30 motion "was erroneous and violated petitioner's constitutional rights." (Pet. ¶ 12(D).) Because this claim essentially is duplicative of Brock's three other habeas grounds, it will not be addressed separately.") (citing *Douglas v. County of Tompkins*, No. 90–CV–841, 1995 WL 105993 at *2 (N.D.N.Y. Mar. 2, 1995) (declining to address separately two claims which were subsumed in third)).Ground Seven of the petition is thus denied for the reasons stated in this Court's Decision and Order, *supra*, addressing grounds one through five.

### H. Ground 8: The sentence violates the Eighth Amendment.

Peppard contends that the sentence of 12 years is "cruel and excessive as it is wholly disproportionate to the harm Peppard caused to the victim even assuming the defendant [sic] guilt." Pet'r Reply Mem. at 11–12.

■ The Supreme Court has articulated a principle of "gross disproportionality" for measuring whether a prisoner's sentence violates the Eighth Amendment proscription against "cruel and unusual punishment." *E.g., Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Only extreme sentences that are grossly disproportionate to the crimes for which they are imposed can be said to violate the Eighth Amendment. *See id.* As an initial matter, I note that

the Second Circuit has held that "[n]o federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992). Such is true in Peppard's case.

 Habeas courts in this Circuit consistently have rejected petitioners' claims of both abuse of discretion in sentencing and Eighth Amendment violations where their sentences are within the statutory range permitted. *E.g., Warren v. Conway,* No. CV–07–4117, 2008 WL 4960454, at *30 (E.D.N.Y. Nov. 18, 2008) (citing *White,* 969 F.2d at 1383); *Alvarez v. Scully,* No. 91 CIV. 6651(PKL), 1993 WL 15455, at *12 (S.D.N.Y. Jan. 11, 1993) (citing, *inter alia, Bellavia v. Fogg,* 613 F.2d 369, 373–74 (2d Cir.1979)). When reviewing sentences imposed by state courts on habeas corpus review, the Supreme Court has instructed federal courts to "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem,* 463 U.S. at 290, 103 S.Ct. 3001. *See also United States v. Gonzalez,* 922 F.2d 1044, 1053 (2d Cir.1991) (finding that courts should review the disproportionality of sentences only in rare cases because the legislature's fixing of terms for imprisonment is presumptively valid).

Here, petitioner was sentenced to less than the maximum possible under New York's Penal Law. He could have been, and indeed was initially, sentenced to 25 years plus 5 years post-release supervision. Upon hearing the court pronounce the sentence of 25 years, Peppard promptly fainted, at which point the sentencing hearing was adjourned. Two days later, when Peppard re-appeared for sentencing, the trial court stated that it had reviewed the sentencing parameters again and reconsidered the relevant factors, and, accordingly, was sentencing Peppard to 12 years plus 5 years post-release supervision. This sentence was clearly legal, and no objections were made to it. Under these circumstances, Peppard's claim that his sentence is "cruel and excessive" is specious. As his sentence is in all respects legal and not "grossly out of proportion to the severity," *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), of the sexual crimes Peppard perpetrated against his child victim. There is no constitutional violation presented, and the claim is dismissed.

### I. Ground Nine: Erroneous exclusion of victim's prior inconsistent statement.

The point-heading for this argument is "[e]xcluding the witness, [sic] prior inconsistent statement from evidence on grounds that it is hearsay is serious reversible error." Pet'r Reply Mem. at 13. Petitioner asserts that his account of the events, which portrayed the 11–year–old victim as "sexually aggressive" and "the instigator," was "at least consistent" and therefore should have been believed over the victim's testimony. *Id.* The Court notes that this argument merely supplements the contentions made in support of Ground Point 4, which the Court has already denied, *supra.* This claim is also specious and is denied.

### J. Ground Ten: Ineffective assistance of trial counsel.

 Finally, petitioner contends that trial counsel was ineffective for failing to investigate his claims that he suffers from erectile dysfunction and, presumably, was unable to commit the sexual attacks against the victim. Pet'r Reply Mem. at 13–14. Petitioner states that he brought

this information to the attention of his trial counsel prior to trial, who informed him it would not be necessary. Petitioner has attached a letter dated November 13, 2006, purporting to be from his treating physician stating that,

> [Peppard] has several conditions that lead to erectile dysfuncion [sic], including diabetes mellitus, medication for hypertension and severe, chronic back pain. In the light of the above medical conditons [sic] and his statements to me in 2002 and 2003, I do not feel that he could have had sexual intercourse with anyone, let alone an unwilling person.

Exhibit A to Pet'r Reply Mem. Even assuming *arguendo* the validity of this letter, it is probative of nothing. Suffice it to say that the victim in this case was legally incapable of giving consent, due to his young age; and, furthermore, the crime of sodomy only requires a touching—not penetration. *See, e.g., People v. Griffith,* 80 A.D.2d 590, 591, 435 N.Y.S.2d 767, 769 (App.Div. 4th Dept.1981) (holding that "penetration is not an element of sodomy") (citations omitted). This claim is entirely without merit and is dismissed.

## IV. Conclusion

For the foregoing reasons, Peppard's request for a writ of habeas corpus is denied and the petition is dismissed. As petitioner has not made "a substantial showing of the denial of constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.

**IT IS SO ORDERED.**